IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff / Respondent, ) | |
| ) | |
| v. ) | Case No. 07-20164-05-JWL |
| ) | Case No. 12-2263-JWL |
| JEREMY GILMORE, ) | |
| ) | |
| Defendant / Petitioner. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is presently before the Court on defendant Jeremy Gilmore's pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 388). For the reasons set forth below, the petition is **dismissed in part and remains pending in part**. The Court grants defendant's request for evidentiary hearing with respect to his claim relating to his failure to enter a plea of guilty, which hearing shall be set by future order. The Court also grants defendant's request for appointment of counsel for litigation of that remaining claim, which appointment shall be made by future order. Defendant's request for discovery is denied without prejudice to a future motion filed by appointed counsel as appropriate. Defendant's petition is dismissed with respect to all other claims raised therein.

## I. **Background**

By indictment filed December 5, 2007, defendant was charged with a conspiracy to distribute and to possess with intent to distribute at least 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). In January 2008, attorney Jeremy Weis was appointed as defendant's counsel, but a conflict caused Mr. Weis's withdrawal in February 2008, and attorney Jessica Travis was then appointed to represent defendant. In October 2008, the Government filed an information, pursuant to 21 U.S.C. § 851, giving notice of two prior drug-related convictions that could increase any sentence imposed on defendant. After a five-day trial in May 2009, defendant was convicted by a jury of the charged conspiracy. The jury also found, by special verdict question, that defendant acted as a principal and not merely as an aider and abetter.

After the trial, Ms. Travis withdrew as defendant's counsel, and defendant hired California attorney Pal Lengyel-Leahu and local counsel Christopher Williams to represent him. On October 29, 2009, the Court imposed a life sentence pursuant to 21 U.S.C. § 841(b)(1)(A)(vii), which provides for a mandatory minimum sentence of life imprisonment for this offense if the defendant has two or more prior convictions for felony drug offenses.

On August 23, 2011, the Tenth Circuit affirmed defendant's conviction and sentence. *See United States v. Gilmore*, 2011 WL 3677854 (10th Cir. Aug. 23, 2011) (unpub. op.). The Tenth Circuit rejected defendant's arguments relating to an aiding-

and-abetting instruction and the lack of a lesser-included-offense instruction, and it further held that the evidence was "more than sufficient" to support the jury's verdict. *See id.* On March 5, 2012, the Supreme Court denied certiorari. *See* 132 S. Ct. 1729 (2012). On May 7, 2012, defendant filed his pro se petition pursuant to 28 U.S.C. § 2255.

**II.** **Analysis**

By his Section 2255 petition, defendant alleges that the performance by his various attorneys was deficient in a number of respects, in violation of his Sixth Amendment right to counsel. "To establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

*A.     Conclusory Claims*

In his petition, defendant makes a number of claims of ineffective assistance of counsel that he does not support with any factual detail. Thus, defendant has not established an entitlement to relief or to a hearing on those claims, which are therefore subject to dismissal. *See, e.g., Anderson v. Attorney Gen'l of Kan.*, 425 F.3d 853, 860-61 (10th Cir. 2005) (dismissal where petitioner failed to support conclusory allegations); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must

3

liberally construe Defendant's pro se petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.") (citation omitted).  Those claims are as follows (with reference to the relevant paragraph in the petition):

¶ 53 – That counsel failed to file a motion to suppress or a motion for dismissal of the indictment (defendant does not identify a meritorious (or any) basis for either such motion).

¶ 54 – That counsel failed to investigate or present exculpatory evidence at trial and failed to object to the admission of evidence from the Government (defendant does not identify any particular evidence).

¶58 – That counsel failed to object to improper argument by the Government (defendant does not identify the objectionable argument by the Government).

¶ 62 – That counsel acted while under a conflict of interest (defendant does not identify the conflict).

¶ 63 – That counsel was ineffective because of individual errors and the multiplicity of errors (defendant does not identify the errors).

These claims are wholly unsupported and lack enough detail to allow the Court to consider them.  Accordingly, these claims are dismissed.

### B. *Decision to Testify*

Defendant also claims that his counsel was ineffective with respect to his decision

4

to testify at trial. (See Petition ¶ 55.) Specifically, defendant alleges that his counsel placed him on the witness stand without fully advising him about potential adverse consequences from that testimony, and that counsel did so without witness preparation, without a trial strategy, without any discernible purpose, without any certainty concerning what defendant would say, and even with some concern that defendant would perjure himself. Defendant argues that his testimony could not have altered the outcome and in fact worked to his substantial disadvantage. In his petition, defendant does not address specifics of his testimony or explain how his testimony affected the verdict.

The Court need not address whether counsel's performance was ineffective in this regard because it concludes that defendant has failed to demonstrate the necessary prejudice from the decision to testify. *See Strickland*, 466 U.S. at 697 (court need not address both prongs of test for ineffective assistance of counsel if there is an insufficient showing on one prong). Specifically, there is no basis to believe that the outcome would have been any different if defendant had not testified. As the Tenth Circuit concluded on direct appeal, there was ample evidence of defendant's guilt, including the consistent testimony of a number of co-conspirators and their customers, as well as defendant's own admission to law enforcement. *See Gilmore*, 2011 WL 3677854, at *2. This evidence of defendant's guilt, as observed by the Court at trial, was credible and extremely persuasive. The Court also observed defendant's testimony, and it is convinced that that testimony did not alter the outcome. Accordingly, the Court dismisses this claim of ineffective assistance of counsel.

5

## *C.      Issues Relating to Defendant's Sentence*

Defendant also asserts a number of claims concerning his counsel's performance with respect to the issue of the quantity of methamphetamine attributable to him and not merely to the conspiracy as a whole. As set forth above, the jury convicted defendant of the charged offense of a conspiracy involving at least 50 grams of methamphetamine. The jury was not asked whether that same quantity could be attributed to him. At sentencing, the Court did not make any express finding concerning quantity, but sentenced defendant based on the mandatory minimum sentence of life imprisonment for a defendant with two prior drug offenses in a conspiracy involving at least 50 grams.

First, the Court rejects defendant's claims based on the lack of a jury instruction or finding concerning the quantity attributable to him. (See Petition ¶¶ 56, 60, 61.) Because defendant's sentence did not exceed the statutory maximum for the offense found by the jury, any finding concerning the quantity attributable to defendant need not have been submitted to the jury, and the Court was entitled to make any such necessary finding at sentencing. *See Harris v. United States*, 536 U.S. 545, 563-64 (2002).

Second, the Court rejects defendant's claims based on a lack of a quantity finding by the Court at sentencing. (See Petition ¶¶ 57, 69, 61.) Defendant argues that, despite the mandatory minimum sentence imposed by 21 U.S.C. § 841(b)(1)(A)(vii), that minimum of life imprisonment did not apply to him if at least 50 grams of methamphetamine could not be attributed to him, instead of merely to the conspiracy as a whole. In its response brief, the Government does not address the cases cited by

6

defendant on this point; instead, the Government merely argues that the quantity attributable to defendant was irrelevant in the face of the mandatory minimum. Indeed, almost every circuit court has held that the mandatory minimum does not apply unless the relevant quantity may be attributed to the particular defendant. *See, e.g., United States v. Bacon*, 598 F.3d 772, 777-78 (11th Cir. 2010) (citing cases from eight other circuits). The Tenth Circuit has not expressly answered this question. *See, e.g., United States v. Lockhart*, 37 F.3d 1451, 1454 (10th Cir. 1994) (court did not need to resolve the issue whether the Sentencing Guidelines' foreseeability principles apply to mandatory minimum sentences under Section 841). In at least one case, however, the Tenth Circuit upheld a district court's refusal to apply the mandatory minimum, despite a guilty verdict on the drug conspiracy charge, where the Government had not shown by a preponderance of the evidence either that the defendant was directly involved with the necessary quantity of drugs or that such quantity was reasonably foreseeable to him. *See United States v. Morales*, 108 F.3d 1213, 1225-27 (10th Cir. 1997). Thus, there is a good basis to believe that the Tenth Circuit would join its sibling circuits and require a finding that the necessary quantity may also be attributed to the particular defendant—either by direct involvement with that quantity or because the involvement of that quantity was reasonably foreseeable to him—before the mandatory minimum sentence applies.

Nevertheless, the Court need not resolve whether such a finding is required because, even assuming defendant's counsel was ineffective in failing to argue this point

7

at sentencing or on appeal, defendant cannot establish the necessary prejudice here. Specifically, the Court concludes that any such argument made by counsel would have been futile. Although the Court did not make an explicit finding at sentencing regarding a quantity attributed to defendant, it did adopt the findings of the presentence report (to which no objections had been asserted), and that report attributed to defendant a total of 132 ounces of methamphetamine, equaling 3.74 kilograms (or 3,740 grams). *See United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) (in absence of objection, fact in presentence report is deemed admitted). The report specifically noted three individual drug-distribution trips made by defendant that involved seven, nine, and nine ounces respectively. Based upon the evidence presented at trial, the Court agrees with the finding of the presentence report writer, and if counsel had objected to the report and had asked for a specific finding from the Court, the Court would have readily attributed more than 50 grams of methamphetamine to defendant, thereby making the mandatory minimum sentence of life imprisonment applicable to defendant. Accordingly, any deficiency by counsel in failing to make this argument did not affect the outcome of defendant's sentencing, and this claim is hereby dismissed.[1]

### D. *Failure to Plead Guilty*

---

[1] Because the motion and records of this case conclusively show that defendant is not entitled to relief with respect to the dismissed claims, the Court need not conduct a hearing on those claims. *See* 28 U.S.C. § 2255(b).

The bulk of defendant's petition (Claim 1 and ¶ 52 of Claim 2) is dedicated to his claim that his counsel's performance was unconstitutionally deficient in failing to advise him sufficiently concerning whether to plead guilty instead of proceeding to trial. Defendant argues that his counsel failed to advise him sufficiently that, in light of his two prior felony drug convictions and the evidence against him, he would likely receive a life sentence, in accordance with the mandatory minimum, if he proceeded to trial. He contends that counsel should and could have negotiated a plea agreement with the Government that would have resulted in less than a life sentence. He further contends that, even in the absence of a plea agreement, his counsel should have advised him to plead guilty before the Government filed the information that allowed his sentenced to be increased because of his past convictions. Thus, defendant claims that he should be resentenced as if no such information had been filed. *See generally Lafler v. Cooper*, 132 S. Ct. 1376 (2012) (recognizing a claim for ineffective assistance of counsel in the plea-bargaining process and discussing possible remedies for such a violation).

The Court concludes that an evidentiary hearing is warranted on this claim. Defendant states in his verified petition that his counsel did the following: advised him to stand trial; did not seriously explore or negotiate a favorable plea agreement that would have avoided the mandatory minimum life sentence; did not advise that he had almost no chance to prevail at trial in light of the evidence; did not fully advise him on the relevant law concerning the decision whether to proceed to trial; did not advise him that the Government could and almost certainly would file the information under Section

9

851 and seek a minimum life sentence; did not advise that he could prevent the filing of that information by pleading guilty with or without an agreement; did not advise that he could obtain a three-point reduction for acceptance of responsibility if he pleaded guilty and demonstrated remorse, if no such information were filed; and incorrectly advised him that he could only help his ultimate sentence if the Government offered a plea agreement or if he cooperated with the Government. Defendant states that he believed that there was no significant advantage to pleading guilty. These allegations are sufficient to create a question of material fact that must be resolved at an evidentiary hearing.

The Government relies on affidavits from Mr. Weis and Ms. Travis, defendant's appointed attorneys, in arguing that defendant was adequately informed of the consequences of standing trial, that he chose to proceed to trial, and that he likely would not have accepted a plea agreement. Even if the Court could credit those affidavits over defendant's verified petition at this stage, however, they do not establish that defendant was adequately advised about the possibility that the Government would file the information that triggered a mandatory minimum life sentence.

Mr. Weis states in his affidavit that he received a plea offer from the Government by which defendant would plead guilty to the "top count of the indictment;" that he provided that offer and a sentencing memorandum to defendant; and that he then withdrew because of a conflict. He does not state that defendant had made any decision to reject the plea offer at that time. In his sentencing memorandum to defendant,

attached to his affidavit, Mr. Weis calculated a likely offense level of 29 and a criminal history category of III, and he then presented three possible sentencing scenarios: (1) if defendant accepted the plea agreement without cooperating, defendant would have a sentencing guideline range of 108 to 135 months but would face a mandatory minimum sentence of 20 years; (2) if defendant proceeded to trial, he would have the possibility, "however slight," of an acquittal, with a worst-case scenario in the event of conviction of the loss of an acceptance-of-responsibility reduction, with a likely sentence of at least 20 years (mandatory minimum sentence) to a maximum of life; and (3) if defendant accepted the plea agreement and provided significant cooperation, defendant might avoid the 20-year minimum, with a best-case scenario of a sentence of 188 months. Thus, Mr. Weis did not inform defendant in that memorandum of the possibility of a mandatory minimum life sentence, and Mr. Weis does not address that failure in his affidavit. Indeed, this memorandum supports defendant's argument that he was led to believe that (in the absence of cooperation, at least) he faced a mandatory minimum 20-year sentence whether or not he pleaded guilty.

In her affidavit, Ms. Travis states that she advised defendant of the applicable law and evidence; that she conducted negotiations for a plea agreement; that the Government offered a plea agreement, which she vaguely recalls involved a 20-year sentence;[2] that

---

[2]The Government attached a proposed plea agreement for defendant to its response, and it indicates in the response that that exhibit is the agreement proposed to Mr. Weis. Mr. Weis's affidavit does not incorporate that exhibit, however; thus, because
(continued...)

the sentence contemplated by the proposed agreement was too long in defendant's view; that defendant (along with his mother) repeatedly asserted his innocence and did not believe he would be convicted, and rejected the plea agreement for that reason; that she warned defendant "that a conviction at trial would very likely result in a life sentence," and repeated that warning throughout trial; and that "there was never any reasonable probability that Mr. Gilmore would accept a plea agreement or plea to the court." Thus, although Ms. Travis states that she warned of a life sentence, she does not identify whether such warnings occurred before or after the Government filed its Section 851 information. Accordingly, Ms. Travis's affidavit does not sufficiently address defendant's claim that, before the filing of that information, he was not advised that he faced a mandatory minimum life sentence if he did not plead guilty.[3]

---

[2](...continued)
there is no evidence verifying that that agreement was proposed to defendant, the Court does not consider it at this time. Moreover, the attached agreement does not include or suggest a term of imprisonment, but only provides for sentencing in accordance with the sentencing guidelines. The agreement does not include a promise by the Government not to seek a mandatory minimum life sentence; to the contrary, the agreement states that if defendant has two or more prior felony drug convictions, the mandatory minimum sentence is life. Thus, the attached agreement is not necessarily consistent with the recollections of Mr. Weis and Ms. Travis.

[3]The Government insists in its response that "it is not the practice of counsel for the government to reach plea agreements which involve the dismissal of Title 21 U.S.C. § 851 enhancements;" that that fact "is well known by the local defense bar;" and that it is therefore unrealistic for defendant to assert that his counsel should have secured such a plea agreement. First, these factual statements are not supported by an affidavit or other evidence. Second, defendant does not claim that his counsel should have secured a plea agreement that involved dismissal of the Section 851 information; rather, he claims that he should have been advised to plead guilty, with or without an agreement,
(continued...)

For these reasons, the Court finds that a question of fact remains concerning whether defendant was advised by counsel that he faced the possibility of a mandatory minimum life sentence under Section 851.  Thus, the Court cannot conclude at this time that defendant would not have pleaded guilty despite sufficient advice concerning his possible sentence, and an evidentiary hearing is therefore warranted on this specific claim.  The Court will set a hearing on this claim by future order.  Moreover, the Court grants defendant's request for appointment of counsel for purposes of further litigating this claim, and the Court will appoint counsel by future order.

Finally, defendant's request for discovery in advance of the hearing is denied without prejudice.  Any such request should be made by appointed counsel as he or she deems appropriate.

### III.   <u>Certificate of Appealability</u>

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional

---

[3](...continued)
before the information was filed.  Moreover, the Court questions a claim by the Government that it would never have offered defendant an agreement that provided for less than a life sentence if he had spared the Government the burden and risk of trying his case, although the Government is certainly entitled to present evidence to that effect at the hearing.

right." 28 U.S.C. § 2253(c)(2).[4] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). With respect to the claims dismissed above, for the same reasons stated, defendant has not made a substantial showing of the denial of a constitutional right; the Court therefore denies a certificate of appealability with respect to those issues.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 388) is **dismissed in part and remains pending in part**. By future orders, the Court shall appoint counsel and set an evidentiary hearing on defendant's claim relating to his failure to enter a plea of guilty. Defendant's request for discovery is denied without prejudice to a future motion filed by appointed counsel as appropriate. Defendant's petition is dismissed with respect to all other claims raised therein.

IT IS SO ORDERED.

Dated this 17th day of September, 2012, in Kansas City, Kansas.

---

[4]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

15