IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff/Respondent,

v.                                      Case No. 07-20164-05-JWL

Jeremy Gilmore,

        Defendant/Petitioner.

## MEMORANDUM & ORDER

In December 2007, defendant Jeremy Gilmore, along with multiple co-conspirators, was charged with conspiracy to distribute and to possess with intent to distribute more than 50 grams of methamphetamine. In May 2009, Mr. Gilmore was convicted by a jury and, thereafter, the court imposed the mandatory minimum sentence of life imprisonment in light of Mr. Gilmore's two prior convictions for felony drug offenses. *See* 21 U.S.C. § 841(b)(1)(A)(vii). The Tenth Circuit affirmed Mr. Gilmore's conviction and Mr. Gilmore then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

After an evidentiary hearing on certain aspects of Mr. Gilmore's petition, the court concluded that Mr. Gilmore had received constitutionally deficient representation in a number of respects, including that his counsel failed to advise him sufficiently concerning whether to plead guilty instead of proceeding to trial, and that such representation undoubtedly prejudiced the outcome of the case. Specifically, the court concluded that Mr. Gilmore's trial counsel failed to meaningfully communicate to him the government's plea offers; failed to advise him that a conviction at trial would guarantee him a life sentence in light of his two prior felony drug

convictions; should have negotiated and secured a plea agreement prior to the government's filing of an information under 21 U.S.C. § 851; and lacked sufficient knowledge of the federal drug conspiracy laws such that she misinformed Mr. Gilmore about his likelihood of success at trial. The court ordered the parties to meet and confer as to an appropriate remedy for the constitutional violation and, upon notification from the parties that an agreement had been reached, held a status conference with the parties.

During that status conference, the parties explained to the court that they had reached an agreement of 168 months and they further explained to the court how they agreed upon that sentence. As explained by counsel for Mr. Gilmore:

> And the way that we got there, at least I got there, was that Mr. Gilmore's original base offense level was 34; he was then given a two-point enhancement for obstruction and another two-point enhancement for a firearm enhancement. I think if Mr. Gilmore had had appropriate counsel that those enhancements would not have stayed on the presentence report, and I think the Court was well aware of the type of representation Mr. Gilmore had at his sentencing.
>
> * * * *
>
> Which would have left him at a base level of 34. I think that had Mr. Gilmore had competent representation that an attorney would have walked him in to cooperate with the government very early in the process, so I think that he would have gotten another two-level reduction for acceptance. But I don't—the farther we get out from sort of known facts, the further—or the less comfortable, I should say, you know, I am speculating that he would get certain reductions. So I don't know that I can state—I can I agree with—the government agrees that we don't know that that third point would necessarily have been available, or it might just be a bridge too far for us. That would leave us at a Base Offense Level 32 and a Criminal History Category IV, which puts us at a guideline range of 168 to 210 months, the low end of that range being 168 months. And that's where at least I reached the conclusion that that was an adequate remedy for the lack of competent counsel that Mr. Gilmore had in this case.

2

Counsel for the government agreed with the explanation provided by Mr. Gilmore's counsel and the court agreed with the parties that their calculation was reasonable. Thereafter, the parties executed a sentencing agreement in which they agreed that Mr. Gilmore should receive a new sentence of 168 months. As explained in the agreement, the proposed sentence of 168 months was intended "to achieve a result that may have occurred had the defendant not received ineffective assistance of counsel." While the agreement reflected the parties' beliefs that the proposed sentence "does not offend the now advisory guidelines," the agreement did not expressly reference any particular Guidelines range. The court accepted that agreement and Mr. Gilmore was resentenced to 168 months.

This matter is now before the court on Mr. Gilmore's motion to reduce his sentence pursuant to Amendment 782. According to Mr. Gilmore, his 168-month sentence "mirrored" the low-end of a guideline sentence corresponding to a total offense level of 32 and a criminal history category of IV and was the result of the parties' efforts to determine what sentence Mr. Gilmore would have received had he received effective assistance of counsel and entered a timely plea of guilty. In essence, then, Mr. Gilmore contends that his sentence was based on a specific guidelines range, as explained to the court during the status conference, such that he is entitled to relief now that the range has been amended. Mr. Gilmore seeks a reduction in his sentence to 135 months, representing the two-level reduction authorized by Amendment 782.

The government objects to the reduction on the grounds that the amended statement of reasons filed with the amended judgment reflects a total offense level of 36 with a criminal history category of IV with an advisory guidelines range of 262 to 327 months, such that a two-level reduction would result in an amended guidelines range of 210 to 262 months. According

3

to the government, because Mr. Gilmore was sentenced far below the amended guidelines range, he is not entitled to relief under Amendment 782.

The court is not persuaded by either side's argument. With respect to the government's suggestion that Mr. Gilmore's sentence was based on the range reflected in the amended statement of reasons, the range is expressly marked with an asterisk indicating the following:

> \* The court determined that defendant was entitled to relief based on constitutionally deficient representation. The parties filed a sentencing agreement recommending a sentence of 168 months, with the Government withdrawing the Information to Establish Prior Convictions pursuant to 21 § U.S.C. 851. The court accepted the agreement and ordered the defendant to be sentenced to 168 months imprisonment.

The advisory guidelines range of 262 to 327 months, then, had no bearing whatsoever on the sentence imposed by the court and was not utilized in any way by the court in imposing the sentence of 168 months. Contrary to the government's suggestion, then, there is nothing in the record suggesting that the 168-month sentence received by Mr. Gilmore was a downward variance from the guidelines range of 262 to 327 months.

Neither can the court conclude that Mr. Gilmore was sentenced based on a specific guidelines range for purposes of § 3582(c)(2) relief. To be sure, the parties' explanation to the court concerning their sentencing negotiations supports the conclusion that Mr. Gilmore's sentence was based on a specific range that has been lowered by virtue of Amendment 782. That range, however, is not reflected in the parties' sentencing agreement and was not referenced by the court in sentencing Mr. Gilmore. In the context of a Rule 11(c)(1)(C) plea agreement—the most analogous context to the one presented here—evidence that the parties' "background negotiations" included reference to a guidelines range that might have been

4

relevant to the parties' agreement is not sufficient for the sentence to be deemed "based on" a guidelines range for purposes of § 3582(c)(2) relief; the guidelines range must be evident from the agreement itself. *Freeman v. United States*, 131 S. Ct. 2685, 2697 (2011); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (Justice Sotomayor's concurrence "represents the Court's holding"). Under *Freeman*, then, Mr. Gilmore is not entitled to relief because no specific guideline range is evident from the parties' sentencing agreement.

In sum, because the record reflects that Mr. Gilmore's sentence was based on the parties' stipulation and not on "a sentencing range that has subsequently been lowered" by the Sentencing Commission, 18 U.S.C. § 3582(c)(2), the court is not authorized to reduce Mr. Gilmore's sentence. *See United States v. Tolliver*, 570 F.3d 1062, 1067 (8th Cir. 2009) (defendant who was resentenced pursuant to stipulation after successful § 2255 motion was not entitled to a sentence reduction by virtue of Amendment 706; regardless of whether parties considered specific guidelines in determining appropriate sentence, sentence was explicitly based on a stipulation between the parties rather than a sentencing range) (looking to Rule 11(c)(1)(C) agreements by analogy).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Gilmore's motion to reduce sentence (doc. 427) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 28th day of April, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
